JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BOARD OF TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND et al.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mariellen Bello, Esq.     Tel: 610-710-4510
656 E. Swedesford Rd., Suite 330  Wayne, PA 19087

## DEFENDANTS
Windy Hill Excavating, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Kevin Fogerty
phone 610-366-0950

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|                                         | PTF | DEF |                                                        | PTF | DEF |
|-----------------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State                   | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                         | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ERISA et al. 29 U.S.C. §1132 et al.
Brief description of cause:
Suit for delinquent benefit contributions, Breach of CBA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ at least $20,396.45 plus inj. relief
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE   July 6, 2016

SIGNATURE OF ATTORNEY OF RECORD   Mariellen Bello

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _See Attached List_

Address of Defendant: _1847 Lesher Mill Road, Palm PA 18070_

Place of Accident, Incident or Transaction: _PA Counties Phila, Chester, Bucks, Delaware and/or Montgomery_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

_RELATED CASE, IF ANY:_ N/A

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. _Federal Question Cases:_
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations /ERISA
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. _Diversity Jurisdiction Cases:_
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Mariellen Bello_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought. _in addition to_

DATE: _7/6/16_     _Mariellen Bello_     60375
        Attorney-at-Law        Attorney I.D.#
Mariellen Bello

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/6/16_     _Mariellen Bello_     60375
        Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

## PLAINTIFF LIST

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL CONSTRUCTION
INDUSTRY PENSION FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL
CONSTRUCTION INDUSTRY PENSION FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL HEAVY AND HIGHWAY
CONSTRUCTION HEALTH AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL
HEAVY AND HIGHWAY
CONSTRUCTION HEALTH AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL PREPAID LEGAL SERVICES
FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL PREPAID
LEGAL SERVICES FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL EDUCATION AND TRAINING/
APPRENTICESHIP
FUND
501 Lancaster Pike
Exton, PA 19341

LABORERS' DISTRICT COUNCIL EDUCATION
AND TRAINING/ APPRENTICESHIP FUND
501 Lancaster Pike
Exton, PA 19341

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST
501 Lancaster Pike
Exton, PA 19341

LABORERS' DISTRICT COUNCIL LABORERS'
EMPLOYERS COOPERATION AND EDUCATION
TRUST
665 North Broad Street, 4th Floor
Philadelphia, PA 19123

CONTRACTORS' ASSOCIATION OF
EASTERN PENNSYLVANIA
1500 Walnut Street, Suite 1105
Philadelphia, PA 19102

LABORERS' DISTRICT COUNCIL REGIONAL,
STATE AND LOCAL HEALTH AND SAFETY FUND
PO Box 37003
Philadelphia, PA 19122

THE LABORERS' DISTRICT COUNCIL
OF THE METROPOLITAN AREA OF
PHILADELPHIA AND VICINITY,
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA
665 N. Broad Street
Philadelphia, PA 19123

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

BOARD OF TRUSTEES OF THE LABORERS'            :
DISTRICT COUNCIL CONSTRUCTION INDUSTRY        :          CIVIL ACTION
PENSION FUND, et al.                          :
                  v.          :
                            :
Windy Hill Excavating, Inc.                   :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 7-6-16 | *Mariellen Bello* | Plaintiffs |
| **Date** | **Attorney-at-law**<br>Mariellen Bello | **Attorney for** |
| 610-710-4510 | 610-710-4520 | mbello@swbcounsellors.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF THE LABORERS'    :
DISTRICT COUNCIL CONSTRUCTION    :
INDUSTRY PENSION FUND    :    CIVIL ACTION NO.
PO Box 37003    :
Philadelphia, PA 19122    :
    :
LABORERS' DISTRICT COUNCIL    :
CONSTRUCTION INDUSTRY PENSION FUND    :
PO Box 37003    :
Philadelphia, PA 19122    :
    :
BOARD OF TRUSTEES OF THE LABORERS'    :
DISTRICT COUNCIL HEAVY AND HIGHWAY    :
CONSTRUCTION HEALTH AND WELFARE FUND    :
PO Box 37003    :
Philadelphia, PA 19122    :
    :
LABORERS' DISTRICT COUNCIL    :
HEAVY AND HIGHWAY    :
CONSTRUCTION HEALTH AND WELFARE FUND    :
PO Box 37003    :
Philadelphia, PA 19122    :
    :
BOARD OF TRUSTEES OF THE LABORERS'    :
DISTRICT COUNCIL PREPAID LEGAL SERVICES    :
FUND    :
PO Box 37003    :
Philadelphia, PA 19122    :
    :
LABORERS' DISTRICT COUNCIL PREPAID    :
LEGAL SERVICES FUND    :
PO Box 37003    :
Philadelphia, PA 19122    :
    :
BOARD OF TRUSTEES OF THE LABORERS'    :
DISTRICT COUNCIL EDUCATION AND TRAINING/    :
APPRENTICESHIP    :
FUND    :
501 Lancaster Pike    :
Exton, PA 19341    :
    :
LABORERS' DISTRICT COUNCIL EDUCATION    :

AND TRAINING/ APPRENTICESHIP FUND                    :
501 Lancaster Pike                                   :
Exton, PA 19341                                      :
                                                     :
BOARD OF TRUSTEES OF THE LABORERS'                   :
DISTRICT COUNCIL LABORERS-EMPLOYERS                  :
COOPERATION AND EDUCATION TRUST                      :
501 Lancaster Pike                                   :
Exton, PA 19341                                      :
                                                     :
LABORERS' DISTRICT COUNCIL LABORERS'                 :
EMPLOYERS COOPERATION AND EDUCATION                  :
TRUST                                                :
665 North Broad Street, 4th Floor                    :
Philadelphia, PA 19123                               :
                                                     :
CONTRACTORS' ASSOCIATION OF                          :
EASTERN PENNSYLVANIA                                 :
1500 Walnut Street, Suite 1105                       :
Philadelphia, PA 19102                               :
                                                     :
LABORERS' DISTRICT COUNCIL REGIONAL,                 :
STATE AND LOCAL HEALTH AND SAFETY FUND               :
PO Box 37003                                         :
Philadelphia, PA 19122                               :
                                                     :
THE LABORERS' DISTRICT COUNCIL                       :
OF THE METROPOLITAN AREA OF                          :
PHILADELPHIA AND VICINITY,                           :
LABORERS' INTERNATIONAL UNION OF NORTH               :
AMERICA                                              :
665 N. Broad Street                                  :
Philadelphia, PA 19123                               :
                                                     :
                      Plaintiffs                     :
                                                     :
            v.                                       :
                                                     :
WINDY HILL EXCAVATING, INC.                          :
1847 Lesher Mill Road                                :
Palm, PA 18070                                       :
                      Defendant                      :

## COMPLAINT

Plaintiffs, by and through their undersigned attorneys, hereby file this complaint against Windy Hill Excavating, Inc., (hereafter referred to as "Defendant"). In support of their claims, Plaintiffs aver as follows:

## THE PARTIES

1.    The Laborers' District Council Construction Industry Pension Fund ("Pension Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("the LMRA"), 29 U.S.C. §186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3).   The Board of Trustees of the Pension Fund ("Pension Fund Trustees") manages and controls the Pension Fund.  The Pension Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3).  The Pension Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.    The Laborers' District Council Heavy and Highway Construction Health and Welfare Fund ("Health and Welfare Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Health and Welfare Fund. The Health and Welfare Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3).  The Health and

Welfare Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

3.      The Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Legal Services Fund.   The Legal Services Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., § 1132(a)(1)(3).   The Legal Services Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

4.      The Laborers' District Council Education and Training/Apprenticeship Fund ("Training Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Training Fund ("Training Fund Trustees") manages and controls the Training Fund.   The Training Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3).   The Training Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Training Fund and its participants and beneficiaries.

5.     The Laborers' District Council Laborers' Employers' Cooperation and Education Trust ("LECET Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3).  The Board of Trustees of the LECET Fund ("LECET Fund Trustees") manages and controls the LECET Fund.  The LECET Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3).  The LECET Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the LECET Fund and its participants and beneficiaries.

6.     The Laborers' Philadelphia Area Local Health and Safety Fund ("Heath and Safety Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) for the purpose of providing health and safety benefits through qualified health and safety benefit programs.  Plaintiff Board of Trustees of the Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Health and Safety Fund.  The Health and Safety Fund Trustees are fiduciaries of the Health and Safety Fund and the Health and Safety Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Health and Safety Fund and its participants and beneficiaries.

7.     Except for the Health and Safety Fund, each of the aforementioned Funds is a "multi-employer plan" under ERISA, 29 U.S.C. §1002(37).  Each of the aforementioned Funds maintains its principal place of business in Philadelphia, PA,

5

with the exception of the Training Fund, which maintains its principal place of business in Exton, PA.

8.     The aforementioned Funds will be hereinafter referred to collectively as the "Funds."  Those Funds which are employee benefit plans under ERISA, 29 U.S.C. §1002(3), will be hereinafter referred to collectively as the "ERISA Funds."

9.     The Contractors Association of Eastern Pennsylvania ("CAEP") is an association of construction industry contractors and service providers.  The CAEP sponsors and manages the CAEP Industry Advancement Program ("IAP") which is funded by contributions required under the Collective Bargaining Agreement between the CAEP and the Laborers' District Council.

10.     The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("the Union" or "Laborers' District Council") is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

11.     The Union's Political Action Committee fund (hereafter "PAC") is funded by employers' deductions of wages from all employees covered by the Agreement and contributions are made to the Laborers' District Council PAC.

12.   Defendant is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and ERISA, 29 U.S.C. §1002(5).  Defendant's last known address is 1847 Lesher Mill Road, Palm, PA 18070.

JURISDICTION AND VENUE

13.     This Court has jurisdiction over the causes of action alleging a violation of ERISA pursuant to ERISA, 29 U.S.C. §§1132(a)(3), (d)(1) & 1145.  This Court has jurisdiction over the causes of action alleging a violation of the LMRA pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. §1367(a) because the state law claims derive from the same common nucleus of operative facts as Plaintiffs' federal law claims.

14.     Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. §185(a) and 29 U.S.C. §1132(e)(2).  The above-identified Funds are administered in said judicial district and, pursuant to 28 U.S.C. §1391, substantial parts of the events giving rise to the claims (e.g. performance of the covered work/ projects) are believed to have occurred within this judicial district.

COMMON FACTS

15.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14.

16.     The aforementioned Funds are created and administered pursuant to the terms of Trust Agreements that are properly executed pursuant to state and local law.

17.     Since at least May 19, 2015 to date, Defendant was signatory to, or otherwise bound by, a Collective Bargaining Agreement, and any applicable amendments and extensions, between the CAEP and the Laborers' District Council which sets forth, inter alia, the wages, hours, and other terms and conditions of

employment of laborers employed by the Defendant.  <u>See</u> e.g. Exhibit A (hereafter generally referred to as the "CBA" or "Agreement").

18.   The Agreement automatically renews from year to year unless each party gives notice of intention to terminate in writing to the other party ninety (90) days prior to the expiration of the term, or of any extended term.  To date, neither Plaintiffs nor Defendant have given such notice of intention to terminate.

19.   Defendant also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust Agreements"), pertaining to Plaintiff Funds and incorporated into the relevant Agreement. Throughout this Complaint, references to the Agreement include and incorporate the related Trust Agreements.

20.   Pursuant to the Agreement, Defendant has an obligation to submit accurate remittance reports and the appropriate contributions and deductions to the Plaintiffs on at least a monthly basis following the month for which contributions are due.

21.   Pursuant to the Agreement and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Association and the Union covering all work performed within the trade and geographic jurisdiction of the Union, Defendant is required to remit reports and the contributions and deductions due for all hours of work performed by its employees under the Agreement in the preceding month to the Plaintiffs.

22.   Pursuant to the Agreement, related trust agreements, delinquency policy and/or applicable law, Defendant also agreed to pay and owes the Plaintiffs

interest at a rate of at least prime plus two, accrued interest, liquidated damages, costs of suit and audit, and attorneys' fees and costs.

23.     Pursuant to the Agreement, related trust agreements, delinquency policy and/or applicable law, Plaintiffs are entitled to an audit of Defendant, *e.g.*, to inspect and make copies of any and all records of the Employer pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and all other records relevant to, and of assistance in determining whether the Employer's obligations thereunder to make payments to the Fund Depository were faithfully performed.

24.     Perry N. Blackman, CPA, conducted an audit of Defendant.

25.     Perry N. Blackman, CPA, prepared an audit report which reported amounts of principal due from Defendant to Plaintiffs in the amount of $18,083.90 for the period January 1, 2015 to December 31, 2015.  The report also stated that an audit fee of $1,800.00 was due as well as accrued interest of $512.75, thus showing an amount due of at least $20,396.65.  See Exhibit B attached hereto which is hereby incorporated by reference.

26.     Despite written notice and repeated demands for the delinquent amounts due, the Defendant has failed to pay the Plaintiffs the full amount due.

27.     Pursuant to the CBA, interest continues and has continued to accrue daily at a rate of at least prime plus two.  Defendant also owes the Plaintiffs liquidated damages which, under applicable law and the collective bargaining agreements, trust agreements, and/or delinquency policy, are at least 10% of the principal.

28.     Defendant will also owe the Plaintiffs any audit fees necessary to ascertain additional amounts owed through judgment.

29.     In addition, Defendant has failed to timely and/or accurately submit all the remittance reports and/or the appropriate contributions and deductions due to the Funds during the period it has been bound by the Agreement and through the present.

30.  Because Defendant violated its reporting obligations under the Agreement, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of the Defendant's violation and in attempting to collect the arrearage.

31.     As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages and penalties remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions had been remitted by Defendant in a timely fashion.

32.     These economic losses impair, or may impair, the Funds' ability to provide benefits to Defendant employees and to employees of other companies that have paid their contributions.

33.     Plaintiffs are prejudiced by the failure of Defendant to timely pay the delinquent amounts.

34.     Defendant's continued violation of the Agreement irreparably injures the Funds.

## COUNT ONE
## <u>ERISA CLAIM</u>

35.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1-34.

36.  Defendant has failed to make reports, contributions and deductions to the Plaintiff ERISA Funds in violation of 29 U.S.C. §1145.

37.  Defendant owes the Plaintiff ERISA Funds covered by the CBA, accurate remittance reports, unpaid contributions and deductions, as well as accrued interest, liquidated damages, audit costs, and attorneys' fees and costs.

38.  Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiff ERISA Funds to seek equitable enforcement of the terms of the Agreements.

**WHEREFORE,** Plaintiff ERISA Funds request that this Court grant the following relief:

(a)   that judgment be entered against Defendant and in favor of all Plaintiff ERISA Funds covered by the CBA, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages and penalties determined to be due and owing to the Plaintiff ERISA Funds before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages as

prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action; and,

(b)     order that Defendant cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)     such other legal or equitable relief as this Court may deem appropriate.

## COUNT TWO
## BREACH OF CBA

39.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1-38.

40.   Defendant has failed to make accurate and complete remittance reports, contributions and deductions to the Plaintiffs as required by the CBA and therefore owes the Plaintiffs the reports, contributions and/or deductions as well as audit fees, accrued interest, liquidated damages; and attorneys' fees and costs.

41.   Defendant's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the CBA is a breach of contract and subject to § 301 of the LMRA, 29 U.S.C. § 185(a).

42.   The Plaintiffs covered by the CBA have been damaged by the failure of the Defendant to make contributions and deductions and submit accurate remittance reports as required by the Agreement.

**WHEREFORE,** Plaintiffs request that this Court grant the following relief:

(a)    that judgment be entered against Defendant and in favor of all Plaintiffs covered by the CBA in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and

(b)    order that Defendant cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)    such other legal or equitable relief as this Court may deem appropriate.

## COUNT THREE
## CAEP AND UNION THIRD PARTY BENEFICIARY CLAIM

43.    Plaintiffs incorporate by reference the averments contained in paragraphs 1 through 42 of the Complaint as if set forth in their entirety herein.

44.    The CAEP and the Union are intended third party beneficiaries of the Agreement.

45.    Defendant was required under the terms and conditions of the Agreement to remit reports, contributions and/or deductions to the CAEP, CAEP IAP, the Union and/or the PAC.

46.    Defendant's failure to make the required timely reports, contributions and/or deductions and its failure to comply with its obligation to send remittance reports to the Plaintiffs that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and the CAEP and/or the Union have been deprived of the benefit flowing therefrom to which they are entitled.

**WHEREFORE,** Plaintiffs CAEP and the Union request that this Court enter judgment in their favor and against Defendant and order that Defendant cooperate with an independent payroll audit conducted by the Plaintiffs' agent and enter judgment against Defendant and in favor of the CAEP and the Union in the amount of total unpaid contributions and deductions, accrued interest, audit fees, costs, fines, liquidated damages and penalties determined to be due and owing to the CAEP and the Union before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owed during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and that the Court award the CAEP and the Union such other legal or equitable relief as this Court may deem appropriate.